```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

CITIMORTGAGE, INC.,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    No.  4:09CV2104 FRB
                                   )
NL, INC.,                          )
f/k/a Najarian Loans, Inc.,        )
et al.,                            )
                                   )
            Defendants.            )

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff CitiMortgage, Inc.'s Motion for Protective Order Regarding Deposition of Richard Bowen (Doc. #96). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). A hearing was held on the motion on April 16, 2012, at which the respective positions and arguments of the parties were heard.

On January 3, 2012, defendants NL Mortgage, Inc., and RPM Mortgage, Inc., caused a deposition subpoena to issue from the United States District Court for the Northern District of Texas to non-party Richard Bowen. The subpoena was issued pursuant to Fed. R. Civ. P. 45. The deposition was scheduled to take place on January 31, 2012, in Dallas, Texas. In the instant Motion for Protective Order, plaintiff CitiMortgage, Inc., seeks an order "prohibiting Defendants from taking testimony from Richard Bowen

pursuant to Defendants' subpoena directed to Mr. Bowen." (Pltf.'s Mot. for Prot. Order, Doc. #96 at p. 1.)  In response, defendants argue, <u>inter alia</u>, that this Court lacks jurisdiction to consider the instant motion.  Defendants' argument is well taken.

For compelled attendance at a deposition, a deposition subpoena must issue from the court for the district where the deposition is to be taken. Fed. R. Civ. P. 45(a)(2)(B).  It is the court from which the subpoena issues that has the needed jurisdiction to enforce the subpoena. Fed. R. Civ. P. 45, Advisory Committee Notes, Commentary 4.  The determination of any motion to quash or modify a Rule 45 deposition subpoena must be made by the court issuing the subpoena. Fed. R. Civ. P. 45(c)(3).  The issuing court's jurisdiction over such matters is "exclusive." <u>In re Digital Equip. Corp.</u>, 949 F.2d 228, 230-31 (8th Cir. 1991).  In its discretion, however, the issuing court may remit the matter to the court in which the action is pending. <u>Id.</u> at 231.  Absent such transfer, the court in which the matter is pending lacks jurisdiction to rule on objections to the subpoena. <u>Id.</u>

Inasmuch as the challenged deposition here was noticed to take place in Dallas, Texas, the Rule 45 subpoena properly issued from the United States District Court for the Northern District of Texas.  Any objections to the subpoena must therefore be ruled by that court unless, in its discretion, that court remits the matter to this Court for determination.  Unless and until such action

occurs, this Court is without jurisdiction to consider plaintiff's request to prohibit defendants from taking testimony from Richard Bowen pursuant to defendants' Rule 45 subpoena. In re Digital Corp., 949 F.2d at 231.

To the extent plaintiff argues that its motion for protective order is sought pursuant to Rule 26(c) and not Rule 45 of the Federal Rules of Civil Procedure and thus may be brought in this Court, the Commentary to Rule 45 addresses this frequent quandary. "[T]here is often an overlap between Rule 45 and its subpoenas on the one side and Rules 26-37 and its pretrial discovery devices on the other. This occasionally leads to the mislabeling of a motion, citing one provision when one of the others is technically applicable." Fed. R. Civ. P. 45, Advisory Committee Notes, Commentary 21. Because what is meant by plaintiff's motion here is clear, that is, seeking to prohibit the taking of Richard Bowen's deposition pursuant to the Rule 45 subpoena, the strictures of Rule 45—and not Rule 26—are applicable, and the Court need not be bound by the mislabeling defect of the motion. Id.[1]

---

[1] The undersigned notes, however, that in determining whether to quash or modify a Rule 45 subpoena, the issuing court must consider whether the subpoena subjects the person to an "undue burden." Fed. R. Civ. P. 45(c)(1), (c)(3)(A)(iv). This "undue burden" factor is "designed to track Rule 26(c), the principal protective order provision applicable in federal discovery." Fed. R. Civ. P. 45, Advisory Committee Notes, Commentary 22. As such, in determining whether the subpoenaed person would be subject to "undue burden," the court looks to the protections provided in Rule 26(c) in determining whether there are grounds to quash or modify

Plaintiff also argues that, under Rule 26(c), parties have the alternative to seek redress relating to Rule 45 subpoenas from the court in which the matter is pending rather than from the issuing court.[2] Rather than expanding the jurisdiction of the court in which the action is pending, however, the "alternative" provided in Rule 26(c) was intended to "recognize[] the power of the court *in the district where a deposition is being taken* to make protective orders. Such power is needed when the deposition is being taken far from the court where the action is pending." Fed. R. Civ. P. 26, Advisory Committee Notes, 1970 Amendment, Subdivision (c). (Emphasis added.)

Finally, citing National Benefits Program, Inc. v. Express Scripts, Inc., No. 4:10CV00907 AGF, 2011 WL 6009655 (E.D. Mo. Dec. 1, 2011), plaintiff argues that, in a separate and unrelated cause of action pending in this district, the Honorable Audrey G. Fleissig determined it appropriate to exercise jurisdiction over a Rule 26 motion for a protective order relating to a Rule 45 subpoena which was issued by a court in another district. For the following reasons, plaintiff's reliance on National Benefits in the circumstances of this cause is misplaced.

---

the subpoena under Rule 45.

[2]Rule 26(c)(1) states: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or *as an alternative* on matters relating to a deposition, in the court for the district where the deposition will be taken." (Emphasis added.)

In National Benefits, the defendant caused to be issued from the United States District Court for the Southern District of Ohio, a subpoena duces tecum directed to a non-party law firm located within that district.  The subpoena duces tecum commanded the law firm to produce records related to its representation of plaintiff National Benefits in another matter.  Plaintiff National Benefits filed a motion to quash the subpoena in the issuing court, that is, the Southern District of Ohio; and subsequently filed a motion to quash and motion for protective order in this district, the court in which the action was pending.  The Ohio court, governed by its circuit precedent, determined that it did not have the authority to remit the motion to quash to this district for determination.  Instead, the Ohio court stayed the proceeding pending Judge Fleissig's ruling on the pending motion for protective order.  National Benefits, 2011 WL 6009655, at *3.  Recognizing the Eighth Circuit's decision in In re Digital that remittal by the issuing court is the proper method by which a court in which the action is pending may exercise jurisdiction over a Rule 45 motion, Judge Fleissig found that the Ohio court's determination to stay its motion pending Judge Fleissig's ruling on the motion for protective order "effectively remitt[ed] the matter for ruling by this Court."  National Benefits, 2011 WL 6009655, at *3.  Unlike the circumstances in National Benefits, no motion to quash or to otherwise challenge the Rule 45 deposition subpoena

issued to Richard Bowen has been filed in the issuing court, that is, the Northern District of Texas.  As such, there is no matter for that court to remit or to "effectively remit[]" in order for this Court to exercise jurisdiction over plaintiff's challenge to the subpoena.

In addition, in <u>National Benefits</u>, Judge Fleissig also determined this Court to have jurisdiction over the motion for protective order inasmuch as the documents at issue in the subpoena were in the "custody and control" of the plaintiff in the cause, over which the Court had jurisdiction.  That circumstance, "coupled with the Ohio District Court's stay of proceedings pending this Court's ruling on the motion for protective order, form[ed] the basis of [Judge Fleissig's] authority to rule on the motion for protective order."  <u>National Benefits</u>, 2011 WL 6009655, at *3. Plaintiff has presented no such jurisdictional basis here.

Plaintiff seeks to prohibit the deposition of a non-party witness who was subpoenaed under the authority and jurisdiction of the United States District Court for the Northern District of Texas.  Unlike the party plaintiff in <u>National Benefits</u>, plaintiff here has presented nothing to establish that this Court has jurisdiction over the subject of the subpoena, in this instance, the person of Richard Bowen.  Nor has a motion challenging the Rule 45 subpoena been filed with the issuing court, let alone been remitted to this Court for determination.  As such, Judge

Fleissig's determination in <u>National Benefits</u> to exercise jurisdiction over the motion for protective order in that cause is inapposite to the circumstances here.

Inasmuch as this Court lacks jurisdiction over plaintiff CitiMortgage, Inc.'s challenge to the Rule 45 deposition subpoena issued from the United States District Court for the Northern District of Texas,

**IT IS HEREBY ORDERED** that plaintiff's CitiMortgage, Inc.'s Motion for Protective Order Regarding Deposition of Richard Bowen (Doc. #96) is denied without prejudice.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this  *18th*  day of April, 2012.